~~FILED~~ Recvd FILED

United States District Court

Middle District of Florida

Tampa Division

2016 NOV -1 AM 11:21 CLERK US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA FLORIDA

8:16mc143T23 AAS

Carlton Hooker Jr.,

Plaintiff

USDC No. ~~8:16cv3078T35 AAS~~

vs.

Date: November 1, 2016

8:16-CV-3085-T-17JSS

Robert A. McDonald, Secretary

Dept. of Veterans Affairs, et al.

## COMPLAINT AND DEMAND FOR JURY TRIAL, PROSPECTIVE AND INJUNCTIVE RELIEF REQUESTED TO INCLUDE GENERAL DAMAGES

Plaintiff, Carlton Hooker Jr. – a Pro Se Plaintiff, hereby files this complaint, against the following Defendants, (**Robert A. McDonald, Secretary – Department of Veterans Affairs**), (**Suzanne M. Klinker, Director – C.W. Bill Young VA Healthcare System**) (**Robert C. Shogren – C.W. Bill Young VA Police Chief**) for violation of his civil rights based on the following claims:

1. Violation of Title 42 U.S. Code § 1983 – Deprivation of Rights
2. Violation of Amendment V, of the Bill of Rights under the U.S. Constitution
3. Violation of Title 18 U.S. Code § 245(b)(1)(B)- Federally Protected Activities

## JURISDICTION AND VENUE

I. Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under Amendment V, of the U.S. Constitution.

II. Plaintiff brings this action against the following Defendants, (**Robert A. McDonald**), (**Suzanne Klinker**), and (**Robert Shogren**) in claims arising from violations of federal constitutional rights guaranteed, under **Title 42 U.S. Code § 1983, Amendment (V), of the U.S. Constitution, and Title 18 U.S. Code § 245(b)(1)(B).**

III. Venue is proper in this Court pursuant to 28 U.S.C. § 1391

TPA-39966

$46.00

## PARTIES"

I. Plaintiff (**Carlton Hooker**) is a natural person and 60% Service Connected Disabled Veteran, currently residing at (10901 Brighton Bay Blvd N.E – Apt 1204), St. Petersburg), (Pinellas County), (Florida) 33716

II. Defendant, (**Robert A McDonald**), is currently employed as the Secretary of the Department of Veterans Affairs as appointed by President, Barack H. Obama in 2014.

III. Co-Defendant, (**Suzanne Klinker**), is currently employed as the Director of the C.W. Bill Young VA Healthcare System and has held that position since 2012

IV. Co-Defendant, (**Robert Shogren**), is currently employed as the Police Chief of the C.W. Bill Young VA Healthcare System and has held that position since 2008

## JUDICIAL NOTICE

All officers of the court for (**The United States District Court**),(**Middle District of Florida**) are hereby placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of Haines v Kerner, 404 U.S. 519, Platsky v. C.I.A. 953 F.2d. 25, and Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000) relying on Willy v. Coastal Corp., 503 U.S. 131, 135 (1992), "United States v. International Business Machines Corp., 517 U.S. 843, 856 (1996), quoting Payne v. Tennessee, 501 U.S. 808, 842 (1991) (Souter, J., concurring). Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647, American Red Cross v. Community Blood Center of the Ozarks, 257 F.3d 859 (8th Cir. 07/25/2001).

**In re Haines**: pro se litigants (Plaintiff, Carlton Hooker Jr. is a pro se litigant) are held to less stringent pleading standards than BAR registered attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims.

**In re Platsky**: court errs if court dismisses the pro se litigant (Plaintiff, Carlton Hooker Jr. is a pro se litigant) without instruction of how pleadings are deficient and how to repair pleadings.

**In re Anastasoff**: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. See Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647.

## GENERAL ALLEGATIONS

A. Plaintiff hereby accuses Defendant(s) of depriving him of his rights in accordance with the following federal law, **42 U.S. Code § 1983 - Civil action for deprivation of rights** where it states as follows: *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the* ***deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity****, or other proper proceeding for redress*.

B. Plaintiff hereby accuses Defendant(s) of violating his right to (**Life**) and (**Liberty – i.e – Freedom**) in accordance with (**Amendment V, of the Bill of Rights under the U.S. Constitution**) where it states as follows: *No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself,* ***nor be deprived of life, liberty****, or property, without due process of law; nor shall private property be taken for public use, without just compensation.*

C. Plaintiff hereby accuses Defendant(s) of violating his right to participate in or enjoy any benefit, service, privilege, program, facility, or activity provided or administered by the United States in accordance with (**18 U.S. Code § 245(b)(1)(B) - Federally protected activities**) where it states as follows: *(b) Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with— (1) any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from— (B) participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States*

## INTRODUCTION OF UNDISPUTED MATERIAL FACTS AND EVIDENCE IN SUPPORT OF CLAIMS

Claim 1. (**42 U.S. Code § 1983 - Civil action for deprivation of rights**)

1. It is an undisputed material fact that on the date of February 25, 2016, (**Co- Defendant 1 -C.W. Bill Young VA Director, Suzanne Klinker**) issued (**Plaintiff, Carlton E. Hooker Jr.**) a restriction letter which effectively bars him permanently from the campus of the (**C.W. Bill Young VA Healthcare System**) with the exception of medical treatment. (***See Exhibit 1***)

2. It is an undisputed material fact, that in the February 25, 2016, Restriction Letter, (**Co Defendant, Suzanne Klinker**) proceeded to illegally bar (**Plaintiff, Carlton E. Hooker Jr**), under the authority of 38 CFR 1.218. (***See Exhibit 1***)

3. It is an undisputed material fact that in the February 25, 2016, Restriction Letter, (**Co Defendant, Suzanne Klinker**) never previously considered placing any type of restrictions on (**Plaintiff, Carlton E. Hooker Jr.**) until the date of February 17, 2016, when (**Plaintiff, Carlton E. Hooker Jr.**) attended a VA Town Hall Meeting which was being hosted at the St. Petersburg Regional Office, by VBA Acting Regional Office Director, Al Bocchicchio. (***See Exhibit 1***)

4. It is a undisputed material fact that in the context of the February 25, 2016, Restriction Letter (**Co Defendant, Suzanne Klinker**) falsely accused (**Plaintiff, Carlton E. Hooker Jr.**) of disruptive and intimidating towards staff and veterans at the BPVAHCS since January of 2010, for which she has no firsthand knowledge of her allegation because she became the Director at the BPVAHCS in 2012. (***See Exhibit 1***)

5. It is a undisputed material fact that in the context of the February 25, 2016, Restriction Letter, (**Co Defendant, Suzanne Klinker**) falsely accused (**Plaintiff, Carlton E. Hooker Jr.**) of contacting VA Staff at their personal residences to make inappropriate comments about their family members, thus causing these individuals apprehension and distress, which is completely false, for which she bears the burden of providing evidence in support of her frivolous accusation. (***See Exhibit 1***)

6. It is a undisputed material fact that in the context of the February 25, 2016, Restriction Letter, (**Co Defendant, Suzanne Klinker**) states as follows: **Most recently at a Town Hall meeting, you accused staff of being "racist" and then engaged in a verbal altercation with another veteran causing panel members to immediately depart from the area under VA Police Escort. (*See Exhibit 1*)**

7. It is an undisputed material fact, that approximately 19 hours and 57 minutes after the (**Plaintiff, Carlton E. Hooker Jr.**) departed Town Hall meeting at the St. Petersburg Regional Office at 6:00 PM, a false VA Police Investigative Report Number 2016-02-18-1357-3585 was created by VA Police Officer, Robert Volpe, in which the entire United States Government falsely accuses (**Plaintiff, Carlton E. Hooker Jr.**) of Disorderly Conduct, in accordance with 38 CFR 1.218. (***See Exhibit 2***)

8. It is a undisputed material fact that In 38 CFR 1.218(b)(11), it states as follows as it pertains to the charge of Disorderly Conduct: ***(b) Schedule of offenses and penalties.*** *Conduct in violation of the rules and regulations set forth in paragraph (a) of this section subjects an offender to arrest and removal from the premises. Whomever shall be found guilty of violating these rules and regulations while on any property under the charge and control of VA is subject to a fine as stated in the schedule set forth herein or, if appropriate, the payment of fixed sum in lieu of appearance (forfeiture of collateral) as may be provided for in rules of the United States District Court. Violations included in the schedule of offenses and penalties may also subject an offender to a term of imprisonment of not more than six months, as may be*

*determined appropriate by a magistrate or judge of the United States District Court:* ***(11) Disorderly conduct which creates loud, boisterous, and unusual noise, or which obstructs the normal use of entrances, exits, foyers, offices, corridors, elevators, and stairways or which tends to impede or prevent the normal operation of a service or operation of the facility, $250.***

*9.* It is an undisputed material fact, that Officer, Robert Volpe made a false misrepresentation of material fact, when he listed the entire United States Government as the Complainant and Victim in VA Police Investigative Report No. 2016-02-18-1357-3585. (***See Exhibit 2***)

*10.* It is an undisputed material fact, that (**Plaintiff, Carlton E. Hooker Jr.**) was never charged on February 17, 2016 with Disorderly Conduct in accordance with 38 CFR 1.218(b)(11).

*11.* It is also an undisputed material fact that (**Plaintiff, Carlton E. Hooker Jr.**) never been charged with any type of crime under the authority of 38 CFR 1.218, which would justify (**Co Defendant, Suzanne Klinker's**) frivolous actions in banning the Plaintiff from the campus of the Bay Pines VA Healthcare System.

*12.* It is an undisputed material fact that (**Plaintiff, Carlton E. Hooker Jr.**) has documented evidence in his possession which shows that he was not the one responsible for Disorderly Conduct, for which approximately 8 minutes after leaving the Town Hall meeting, the (**Plaintiff, Carlton E. Hooker Jr.**) wrote an email to the (**Acting Director, of the VBA St. Petersburg Regional Office, Mr. Al Bocchicchio**), apologizing for the outburst cause by the other veteran, for which he responded in kind at 6:59 pm as follows: **No worries from my perspective**. (***See Exhibit 3***)

*13.* It is also an undisputed material fact, that Officer Robert Volpe never obtained any witness statements from the Complainant, the entire United States Government as it pertains to VA Police Investigative Report No. 2016-02-18-1357-3585, and he never obtained any witness statements from the following individuals he referenced in that report, (**Officer Testa, and Officer Thompson**). (***See Exhibit 2***)

*14.* It is an undisputed material fact that Officer, Robert Volpe never officially closed the report on February 18, 2016, for which the (**Plaintiff, Carlton E. Hooker Jr.**) asked for the original copy of VA Police Investigative Report No. 2016-02-18-1357-3585 that was signed on February 18, 2016, thru the (**Freedom of Information Act – FOIA**) but the Plaintiff was given a copy of VA Police Investigative Report No. 2016-02-18-1357-3585 that was signed on March 25, 2016, that VA Police Management is attempting to pass off as the original. (***See Exhibit 2***)

*15.* It is an undisputed material fact, that (**Co-Defendant, Suzanne Klinker**), proceeded on February 25, 2016 to use information from a VA Police Investigative Report that was never officially closed as a means to ban me from the entire campus of the C.W. Bill Young VA Healthcare System, or she used the closed VA Police Investigative Report No. 2016-02-18-1357-3585, that was signed by Officer Volpe on or before February 25, 2016, for which (**Co-Defendant, Robert**

Conrad Shogren) is responsible for the care, custody, and control of all VA Police Reports in accordance with VA Handbook 0730.

Claim 2: Amendment V, of the Bill of Rights under the U.S. Constitution

1. It is an undisputed material fact, that the following restrictions that were placed on me by (Co-Defendant- Director, Suzanne Klinker) on February 25, 2016, has affected my life, and freedoms that I put my life on the line for as a 60% Service Connected Disabled Veteran, for which those restrictions are as follows: (*See Exhibit 1*)

    a. Effective immediately, except for visits related to your personal medical treatment, you are barred from the grounds of the BPVAHCS, to include the C.W. Bill Young VA Medical Center, the Lee County Healthcare System and all of the community based outpatient clinics, (CBOCS).

    b. With the exception of emergency medical treatment, anytime that you have a scheduled medical appointment at any Bay Pines VAHCS site, you must notify VA Police Chief, Robert Shogren or his designee in advance and obtain clearance.

    c. Should you enter onto BPVAHCS grounds in violation of the above, you are subject to removal from the premises and arrest under local and/or Federal charges.

2. Based on the undisputed material fact, that this February 25, 2016 restriction letter, in effect bans (Plaintiff, Carlton E. Hooker Jr.) from the campus of the (Bay Pines VA Healthcare System –BPVAHCS) except for medical treatment, the Plaintiff will now address the most serious of issues.

Claim 3. Title 18 U.S. Code § 245(b)(1)(B)- Federally Protected Activities

1. It is an undisputed material fact, that (Co-Defendant, Suzanne Klinker), barred (Plaintiff, Carlton E. Hooker Jr.) from the campus of the (Bay Pines VA Healthcare System –BPVAHCS) as it is viewed on the campus map under the authority of 38 CFR 1.218. (*See Exhibit 4*)

2. It is an undisputed material fact, that because of his being banned from the campus of the (Bay Pines VA Healthcare System –BPVAHCS) falsely under the authority of 38 CFR 1.218 by (Co-Defendant, Suzanne Klinker), (Plaintiff, Carlton E. Hooker Jr) is being denied access to the (VBA St. Petersburg Regional Office) that is shown on said

campus map, and the Plaintiff has been threatened with arrest under local and or Federal Charges, by (**Co Defendant, Robert Shogren**) if he attempt to enter the grounds to obtain the benefits that he has earned as a disabled veteran, such as...

a. Compensation
b. Education and Training
c. Vocational Rehabilitation & Employment
d. Home Loans
e. Life Insurance

3. It is an undisputed material fact, that because of his being banned from the campus of the (**Bay Pines VA Healthcare System –BPVAHCS**) falsely under the authority of 38 CFR 1.218 by (**Co-Defendant, Suzanne Klinker**), (**Plaintiff, Carlton E. Hooker Jr**) is being denied access to the (**Bay Pines VA National Cemetary**) as shown on said campus map, and Plaintiff has been threatened with arrest under local and/or Federal Charges, by (**Co Defendant, Robert Shogren**) if he attempt to enter the grounds to attend services such as...

a. Memorial Day Ceremonies
b. Veterans Day Ceremonies
c. Veterans Funeral Ceremonies

4. It is an undisputed material fact, that because of his being banned from the campus of the (**Bay Pines VA Healthcare System –BPVAHCS**) falsely under the authority of 38 CFR 1.218 by (**Co-Defendant, Suzanne Klinker**), (**Plaintiff, Carlton E. Hooker Jr.**) is being denied the opportunity to apply for, and be considered for, and hired for any jobs that are housed on the following (**BPVAHCS**) affiliated campuses such as.

a. C.W Bill Young VA Medical Center
b. Bay Pines National Cemetary
c. VBA St. Petersburg Regional Office
d. Lee County Healthcare System
e. St. Petersburg Community Based Outpatient Clinic
f. Sebring Outpatient Community Based Outpatient Clinic
g. Naples Community Based Outpatient Clinic
h. Palm Harbor Community Based Outpatient Clinic

5. It is an undisputed material fact, that because of his being banned from the campus of the (**Bay Pines VA Healthcare System –BPVAHCS**) falsely under the authority of 38 CFR 1.218 by (**Co-Defendant, Suzanne Klinker**), (**Plaintiff, Carlton E. Hooker Jr.**) is being denied access to the (**C.W Bill Young VA Medical Center**) that is shown on said campus map, and I have been threatened with arrest under local and or Federal Charges, by (**Co Defendant, Robert Shogren**) if Plaintiff attempt to enter the grounds to provide assistance, and attend appointments, and provide care for his father (**Mr. Carlton Eugene Hooker Sr.**) who is a 100% Service Connected Disabled veteran, who gets his care at the (**C.W. Bill Young VA Medical Center**).

6. It is an undisputed material fact, that because of his being banned from the campus of the (**Bay Pines VA Healthcare System –BPVAHCS**) falsely under the authority of 38 CFR 1.218 by (**Co-Defendant, Suzanne Klinker**), (**Plaintiff, Carlton E. Hooker Jr**) is being denied access to the (**Bay Pines VA National Cemetary**) as shown on said campus map, and the Plaintiff has been threatened with arrest under local and or Federal Charges, by (**Co Defendant, Robert Shogren**) if I attempt to enter the grounds to access programs such as...

   a. Transition Assistance Program
   b. VetSuccess on Campus
   c. Education Programs

**Statement Of Claim Upon Which Relief Can Be Granted - 28 U.S. Code § 2679 - Exclusiveness of remedy**

In Section (a) of 28 U.S. Code § 2679 - Exclusiveness of remedy it states as follows: **(a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.**

In Section (b)(1) of 28 U.S. Code § 2679 - Exclusiveness of remedy it also states as follows: **(b)(1): The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.**

However, Section (b)(2) of 28 U.S. Code § 2679 - Exclusiveness of remedy renders Sections (a) and (b)(1) moot, because it states as follows:

(2) Paragraph (1) does not extend or apply to a civil action against an employee of the Government—

(A) which is brought for a violation of the Constitution of the United States, or

(B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized

**NOTE: The claims referenced in this Complaint meets the criteria referenced in Section (b)(2) of 28 U.S. Code § 2679 - Exclusiveness of remedy**

## GENERAL DAMAGES

Claim 1: **Violation of Title 42 U.S. Code § 1983 – Deprivation of Rights**

1. (**Plaintiff, Carlton E. Hooker Jr.**) hereby seeks General Damages from (**Defendant, Robert A. McDonald**), based on the on duty actions of Co- Defendant"s (**Suzanne Klinker**), and (**Robert Shogren**) in excess of **$4,000.000.00 U.S Dollars**, based for injuries suffered (such as pain and suffering), caused by their (**Deprivation of Rights**) perpetuated against said Plaintiff from the date of February 17, 2016 up into the present day filing of this complaint for which there is no exact dollar value which can be calculated.

2. As a result of the foregoing, the Plaintiff has been damaged. Such damages include, but are not limited to loss of benefits; loss of career and professional opportunities; harm to personal and professional reputations; and humiliation, anxiety, degradation, embarrassment, and severe emotional suffering. The Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

3. **WHEREFORE**, Plaintiff hereby demand trial by jury of all issues so triable, for which the Plaintiff seeks the aforementioned damages from the Defendant as it pertains to this claim.

Claim 2: **Amendment V, of the Bill of Rights under the U.S. Constitution**

1. (**Plaintiff, Carlton E. Hooker Jr.**) hereby seeks General Damages from (**Defendant, Robert A. McDonald**), based on the on duty actions of Co- Defendant (**Suzanne Klinker**), in excess of **$2,000,000.00 U.S Dollars**, based for injuries suffered (such as pain and suffering), caused by her violating the Plaintiff's right to (**Life**) and (**Liberty i.e Freedom**) from the date of February 25, 2016, up until the present day filing of complaint for which there is no exact dollar value which can be calculated.

2. As a result of the foregoing, the Plaintiff has been damaged. Such damages include, but are not limited to loss of benefits; loss of career and professional opportunities; harm to personal and professional reputations; and humiliation, anxiety, degradation, embarrassment, and severe emotional suffering. The Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

3. **WHEREFORE**, Plaintiff hereby demand trial by jury of all issues so triable, for which the Plaintiff seeks the aforementioned damages from the Defendant as it pertains to this claim.

Claim 3: **Title 18 U.S. Code § 245(b)(1)(B)- Federally Protected Activities**

1. (**Plaintiff, Carlton E. Hooker Jr**.) hereby seeks General Damages from (**Defendant, Robert A. McDonald**), based on the on duty actions of Defendant's (**Suzanne Klinker**), and (**Robert Shogren**) in excess of **$4,000,000.00 U.S Dollars**, based for injuries suffered (such as pain, suffering, caused by their denying the Plaintiff access to Federally Protected Activities, from the date of February 25, 2016, up until the present day filing of complaint for which there is no exact dollar value which can be calculated.

2. As a result of the foregoing, the Plaintiff has been damaged. Such damages include, but are not limited to loss of benefits; loss of career and professional opportunities; harm to personal and professional reputations; and humiliation, anxiety, degradation, embarrassment, and severe emotional suffering. The Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

3. **WHEREFORE**, Plaintiff hereby demand trial by jury of all issues so triable, for which the Plaintiff seeks the aforementioned damages from the Defendant as it pertains to this claim.

Carlton E Hooker Jr

/s/ Carlton E. Hooker Jr.

Carlton E. Hooker Jr.

10901 Brighton Bay Blvd NE

Apt #1204

St. Petersburg, Florida 33716

Phone- (727) 867-8386

Alt Phone- (727) 342-3282

Email: carltonhooker@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the following: COMPLAINT AND DEMAND FOR JURY TRIAL, PROSPECTIVE AND INJUNCTIVE RELIEF REQUESTED TO INCLUDE COMPENSATORY AND PUNITIVE DAMAGES FOR VIOLATION OF PLAINTIFF'S CIVIL RIGHTS was submitted to the Clerk of the Court of the United States District Court, Middle District of Florida on the date of 11/01/2016 for which a copy of this complaint will be served on the following individuals for which they are obligated to provide a response in accordance with Rule 12 of the Federal Rules of Civil Procedure

Defendant – Robert A. McDonald – Secretary

Department of Veterans Affairs

810 Vermont Avenue N.W.

Washington D.C 20420

And

United States Attorney's Office

400 North Tampa Street

Suite 3200

Tampa, Fl. 33602

And

Attorney General- Loretta Lynch

U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

Carlton E Hooker Jr

/s/ *Carlton E. Hooker Jr.*

Carlton E. Hooker Jr.

10901 Brighton Bay Blvd N.E

Apt #1204

St. Petersburg, Florida 33712

Phone- (727) 867-8386

Alt Phone- (727) 342-3282

Email: carltonhooker@gmail.com

# EXHIBIT 1

**DEPARTMENT OF VETERANS AFFAIRS**
**Bay Pines VA Healthcare System**
**Post Office Box 5005**
**Bay Pines, Florida 33744**

February 25, 2016 **In Reply Refer To:** 516/00

FOR OFFICIAL USE ONLY

Carlton Hooker
10901 Brighton Bay Blvd. NE
Apt. #1204
St. Petersburg, FL 33716

Subject: Restricted Access to Bay Pines VA Healthcare System

1. As a healthcare facility, the Bay Pines VA Healthcare System (BPVAHCS) is committed to maintaining an environment that promotes health and wellbeing and is free of unnecessary disturbances. Additionally, pursuant to 38 CFR 1.218, VA facilities are charged with ensuring the safety and security of all Veteran patients, staff and visitors on our premises. Under this authority, individuals who have demonstrated a pattern of disruptive behavior may be restricted from the grounds.

2. Since your termination from employment with the BPVAHCS in January 2010, you have engaged in continuous disruptive and intimidating behavior towards staff, and most recently, towards other Veterans. You have contacted VA staff at their personal residences, and have made inappropriate comments about their family members, causing apprehension and distress. You have been contacted by VA Office of Inspector General's Office and the U.S. Marshal's Office regarding your behaviors towards individuals involved with matters relating to your termination, and you have been sanctioned by the courts for your conduct. Most recently at a Town Hall meeting on February 17, 2016, you accused staff of being "racist" and then engaged in a verbal altercation with another Veteran causing panel members to immediately depart from the area under VA Police escort.

3. Effective immediately, except for visits related to your personal medical treatment, you are barred from the grounds of the BPVAHCS, to include the C.W. Bill Young VA Medical Center, the Lee County Healthcare Center and all of the the community based outpatient clinics (CBOCS).

4. With the exception of **emergency** medical treatment, any time that you have a scheduled medical appointment at any BPVAHCS site, you must notify VA Police Chief Robert Shogren or his designee in advance, and obtain clearance.

5. Should you enter onto BPVAHCS grounds in violation of the above, you are subject to removal from the premises and arrest under local and/or Federal charges. Further, if once on the grounds you are directed to leave and fail to do so, this failure will also subject you to removal and arrest.

6. If you have any questions regarding this matter you may contact Chief Shogren at (727) 398-6661, extension 10319.

SUZANNE M. KLINKER
Director, Bay Pines VA Healthcare System

# EXHIBIT 2

# Department of Veterans Affairs
## VA Police
## Bay Pines
## Investigative Report
## Investigative Report#: 2016-02-18-1357-3585

VA Facility: Bay Pines

Date/Time Printed 3/25/2016 2:57

This Document is to be handled in accordance with the Privacy Act
Contents shall not be disclosed, discussed, or shared with individuals unless they have a direct need-to-know in the performance of their official duties. The document(s) are to be handled in accordance with For Official Use Only procedures.

| | |
|---|---|
| Date/Time Received | 2/18/16 13:57 PM |
| Date/Time of Offense: | 2/17/16 18:00 PM |
| Location: | Building 46 (Regional Office) |
| Investigating Officer | ROBERT VOLPE |
| Incident Synopsis: | While on assignment at the Regional Office Town Hall Meeting VA Police escorted out a former VA employee who caused a disturbance. |
| Classification Code: | Disorderly Conduct Disorderly Conduct in Facility, on Property or Grounds, or Public conveyances, ( |
| Final Disposition: | Case Closed |
| Initial Disposition: | Initial Investigation completed |
| Case Status: | CLOSED |

## Use of Force

| | |
|---|---|
| OC Weapon used: | No |
| Baton Used: | No |
| Firearm Drawn: | No |
| Firearm Used: | No |

## Complainant

| | |
|---|---|
| Name: | UNITED STATES GOVERNMENT |
| Status: | |
| Work Address | N/A<br>N/A<br>N/A, US |
| Work Phone | |
| Statement | |

## Victim

| | | | |
|---|---|---|---|
| Name: | UNITED STATES GOVERNMENT | | |
| Gender: | | | |
| Status: | | Ethnicity: | |
| Driver's License: | | State: | GENERAL |
| Work Address: | N/A<br>N/A<br>N/A, US | | |
| Work Phone: | | | |
| Treatment: | No | | |

## Suspect

| | | | | | |
|---|---|---|---|---|---|
| Name: | Carlton E Hooker, Jr. | | | | |
| SSN: | H5905 | DOB: | 09/17/1970 | Age: | 45 |
| Gender: | M | Ethnicity: | African Amer | Height: | 6' 2" |
| Weight: | 190.00 | Hair Color: | Black | Eye Color: | Brown - Dark |
| Skin Tone: | Dark | Mark: | | | |
| Status: | Past Employee | | | | |



This Document is to be handled in accordance with the Privacy Act
Contents shall not be disclosed, discussed, or shared with individuals unless they have a direct need-to-know in the performance of their official duties The document(s) are to be handled in accordance with FOUO procedures.

Facility Bay Pines

IR#: 2016-02-18-1357-3585

Driver's License Number: H260105703370

License State: FL

Home Address: 10901 Brighton Bay Blvd. NE
St Petersburg, FL 33716

Home Phone: 7273986661

Work Address: FL

Work Phone:

Offense(s): Disorderly Conduct Disorderly Conduct in Facility, on Property or Grounds, or Public conveyances, etc.(F)

Violation(s):

## Narrative

**Origin**

On February 17, 2016 at approximately 1800 hours on while on special assignment in building 46 (Regional Office) a disturbance occurred during the Town Hall meeting, involving a veteran wearing a yellow shirt and a former VA employee named Carlton Hooker.

**Initial Observation**

Carlton Hooker addressing the administration and a veteran in a yellow shirt stood up and yelled "Don't make this racial!"

**Investigation**

Former VA employee Carlton Hooker was addressing the Administration and apparently made a comment that caused a Veteran wearing a yellow shirt, stand up and yell out to Hooker don't make this racial, at this time Officer Testa, Officer Thompson and Officer Volpe converged on the table where the confrontation was taking place. As this disturbance was occurring, Director Klinker and the rest of the Administration stood up and quickly left the conference room. I was standing in the rear far corner of the conference room and did not hear the comment or comment's made to upset the veteran in the yellow shirt. Officer Volpe then escorted Hooker out of the conference room and down the hall to the stairs where he then departed building 46.

Investigating Officer: ROBERT VOLPE
Badge: 3801-ON
Printed by: ROBERT VOLPE

Signature: [signature]
Date: 03/23/2016

< < < End of Report > > >



This Document is to be handled in accordance with the Privacy Act
Contents shall not be disclosed, discussed, or shared with individuals unless they have a direct need-to-know in the performance of their official duties. The document(s) are to be handled in accordance with FOUO procedures

# EXHIBIT 3

Gmail

carlton hooker <carltonhooker@gmail.com>

# Apology for outburst caused by other veteran.

4 messages

**carlton hooker** <carltonhooker@gmail.com> Wed, Feb 17, 2016 at 6:08 PM
To: Al VBAATG BOCCHICCHIO <Al.Bocchicchio@va.gov>

Al,

I apologize for the outburst caused by another veteran as I got my point across as it pertains to the years of harassment that was perpetuated against me by VA management on the hospital side.

I kept my cool as it pertains to being accosted by another veteran, who felt I was displaying the "Race Card" for which cannot relate to anything I've been out through, for which my levels of anxiety are going through the roof right now.

I'm apologizing to you because I feel that you are a good man, who has the best interest of Veterans at heart.

Respectfully submitted by,
Mr. Carlton E. Hooker Jr.

---

**BOCCHICCHIO, Al, VBAATG** <Al.BOCCHICCHIO@va.gov> Wed, Feb 17, 2016 at 6:59 PM
To: "carltonhooker@gmail.com" <carltonhooker@gmail.com>

Hi Carlton,

No worries from my perspective. Have a good evening.

Al

**From:** carlton hooker [mailto:carltonhooker@gmail.com]
**Sent:** Wednesday, February 17, 2016 6:09 PM
**To:** BOCCHICCHIO, Al, VBAATG
**Subject:** [EXTERNAL] Apology for outburst caused by other veteran.

[Quoted text hidden]

---

**carlton hooker** <carltonhooker@gmail.com> Wed, Feb 17, 2016 at 7:00 PM
To: "BOCCHICCHIO, Al, VBAATG" <Al.BOCCHICCHIO@va.gov>

Thank you Al. I wanted to address something with you, but I'll contact you later, because my blood pressure is up. Thanks.

[Quoted text hidden]

**carlton hooker** <carltonhooker@gmail.com>
To: "Powell, John H." <john.powell3@va.gov>

Tue, Feb 23, 2016 at 9:39 AM

I am forwarding this to you as it pertains to my mood.

[Quoted text hidden]

# EXHIBIT 4


C.W. Bill Young VA Medical Center
Bay Pines VA Healthcare System
Legend
Bay Pines National Cemetery
Main Hospital
Main Entrance
East Entrance
Boca Ciega Bay
Lagoon